IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| IN RE: ) | |
| ) | Chapter 11 |
| DIAMOND INSULATION INC, ) | |
| ) | |
| ) | Bankruptcy No. 15-01448 |
| Debtor. ) | |
| ) | |
| OFFICIAL UNSECURED ) | |
| CREDITORS' COMMITTEE ) | |
| ) | |
| Plaintiff, ) | Adversary No. 17-09015 |
| ) | |
| v. ) | |
| ) | |
| TERESA HEILMAN, ) | |
| ) | |
| Defendant. ) | |

**RULING ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

This summary judgment motion came on for telephonic hearing on July 28, 2017. Donald Molstad appeared for Debtor Diamond Insulation Inc. ("Debtor") and Defendant, Teresa Heilman. Jessica Uhlenkamp appeared for the Official Unsecured Creditors' Committee ("the Committee"). The Court took the matter under advisement. This is a core proceeding under 28 U.S.C. § 157(b)(2).

**STATEMENT OF THE CASE**

Debtor made a $10,000 transfer to Teresa Heilman three days before filing bankruptcy. The Committee seeks to avoid the transfer as a preference. Ms.

Heilman argues that the transfer was in the ordinary course of business. The Court grants the Committee's summary judgment motion.

## STATEMENT OF THE FACTS

Jerry Heilman is president and owner of Debtor. Defendant Teresa Heilman is his wife. On October 16, 2015, Ms. Heilman wrote Debtor a check for $10,000. That same day, Debtor wrote Ms. Heilman a check for $10,000 dated October 16, 2015. Debtor and Ms. Heilman intended the check she wrote to cover payroll until accounts receivable could be deposited into Debtor's account. Ms. Heilman agreed to wait a few days before cashing the check she received. Debtor's payment to Ms. Heilman was repayment for her short-term loan to cover payroll. Debtor filed for bankruptcy on October 19, 2015.

The Committee filed this adversary on March 22, 2017, seeking return of the $10,000 payment to Ms. Heilman as a preferential transfer. Ms. Heilman argues only that the transaction occurred in the ordinary course of Debtor's business.

## CONCLUSIONS OF LAW AND ANALYSIS

The Committee filed a motion for summary judgment. Federal Rule of Civil Procedure 56 applies in adversary proceedings. Fed. R. Bankr. P. 7056. "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The non-moving party must set out specific facts

showing a genuine dispute for trial.  Yuska v. Internal Revenue Serv. (In re Yuska), Bankr. No. 14-01504, Adv. 15-9005, 2017 WL 571486, at *5 (Bankr. N.D. Iowa Feb. 13, 2017).  In response to the Committee's motion for summary judgment, Ms. Heilman denied some of the Committee's allegations.  Ms. Heilman has not, however, set out any specific facts showing a genuine dispute of fact for trial.  Ms. Heilman's recitation of denials is insufficient, standing alone, to raise a genuine dispute of fact for trial.

The Committee argues that the $10,000 check Debtor wrote to Ms. Heilman was a preferential transfer that should be avoided under 11 U.S.C. § 547(b). Section 547(b) has six elements:  (1) the debtor must have in interest in the property being transferred; (2) the transfer must be to and for the benefit of a creditor; (3) for or on account of an antecedent debt owed before the transfer was made; (4) while the debtor was insolvent; (5) on or within 90 days of filing the petition; and (6) the transfer enables the creditor to receive more than such creditor would have received in a Chapter 7 liquidation proceeding.  § 547(b).

It is essentially undisputed that the transfer at issue meets these six elements. Ms. Heilman has not set out facts to counter those in the Committee's statement of facts.  The Court thus finds those facts to be undisputed for the purposes of this motion.  Fed. R. Civ. P. 56(e) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by

3

Rule 56(c), the court may . . . consider the fact undisputed for purposes of the motion . . . ."). Accordingly, the Court finds that the $10,000 transfer meets the elements required under § 547(b).

Ms. Heilman argues that the transfer is not avoidable, however, because it was made in the ordinary course of business. "A trustee may not avoid a transfer made for a debt (1) incurred by the debtor in the ordinary course of business, and (2) paid in the ordinary course of business of the debtor and transferee or according to ordinary business terms." Sarachek v. Luana Sav. Bank (In re Agriprocessors, Inc.), 546 B.R. 811, 833 (Bankr. N.D. Iowa 2015) (internal quotation marks omitted), aff'd, 547 B.R. 292 (N.D. Iowa 2016), aff'd sub nom. In re AgriProcessors, Inc., 859 F.3d 599 (8th Cir. 2017). Section 547(c)(2)(A) sets out the ordinary course of business exception. "This exception is intended to protect recurring, customary credit transactions which are incurred and paid in the ordinary course of business of the debtor and the transferee." Id. (internal quotation marks omitted).

A party resisting a preference claim "can protect a transfer from avoidance by meeting the 'subjective' test of section 547(c)(2)(A) or the 'objective' test of section 547(c)(2)(B)." Pirinate Consulting Grp. v. Md. Dep't of the Env't (In re Newpage Corp.), 555 B.R. 444, 452 (Bankr. D. Del. 2016). When using the subjective test, the resisting party "must establish a baseline of dealings and show

4

that the transfers were consistent with the parties' prior course of dealings." John Nagle Co. v. McCarthy, 539 B.R. 205, 212 (N.D.N.Y. 2015) (internal quotation marks omitted), aff'd sub nom. In re Cousins Fish Mkt., Inc., 667 F. App'x 334 (2d Cir. 2016). To meet the objective test, the resisting party must present evidence that the transfer was consistent with "the prevailing standards in the creditor's industry." Matter of Midway Airlines, Inc., 69 F.3d 792, 799 (7th Cir. 1995). The burden of proving the ordinary course of business defense is on the resisting party—the party asserting the defense. Cox v. Momar Inc. (In re Affiliated Foods Sw. Inc.), 750 F.3d 714, 718 (8th Cir. 2014) (citing 11 U.S.C. § 547(g)) ("The preferred creditor "has the burden of proving the nonavoidability of a transfer under subsection (c).").

Ms. Heilman has not produced any facts that show she could meet her burden in this case. The only information she provided on this issue was an assertion by counsel that this was not "an unusual situation" between Ms. Heilman and the Debtor. Her counsel also explained how Debtor used this loan to pay some of its expenses.

Counsel's brief description of the transaction is not sufficient proof that this transaction was in the ordinary course of business for the Debtor and Ms. Heilman. "[S]tatements of counsel are not evidence" and do not create issues of fact. Exeter Bancorporation, Inc. v. Kemper Sec. Grp., Inc., 58 F.3d 1306, 1312 n.5 (8th Cir.

1995) (alteration in original) (internal quotation marks omitted).  This is simply not enough to support the defense under either the objective or the subjective standard.

Ms. Heilman has not produced any evidence showing she could meet her burden in this case, or even raise a genuine issue of fact.  The Court thus finds that the transfer from Debtor to Ms. Heilman does not, as a matter of law, meet the ordinary course of business defense and should be avoided under § 547(b).

## CONCLUSION

**WHEREFORE**, the Committee's motion for summary judgment is GRANTED.

Dated and Entered:
September 1, 2017

_____
THAD J. COLLINS
CHIEF BANKRUPTCY JUDGE